## ASG INDUSTRIES, INC., et al., Plaintiffs,

### v.

## UNITED STATES, Defendant.

### Court No. 76–3–00667.

United States Court of International Trade.

April 24, 1981.

Frederick L. Ikenson, Stewart & Ikenson, Washington, D. C., for plaintiff.

Sidney N. Weiss, Dept. of Justice, Civ. Div., New York City, for defendant.

## MEMORANDUM ACCOMPANYING ORDER

FORD, Judge.

This action is before the court pursuant to a remand issued in *ASG Industries, Inc., et al. v. United States,* 67 CCPA ——, C.A.D. 1237 (1979), 610 F.2d 770 (1979), rehearing denied (1980). Defendant has moved to dismiss the action with a judgment ordering the administrative authority to ascertain and determine or estimate the

net amount of bounty or grants bestowed upon Vereinigte Glaswerke GMBH and Flachglas/Delog/Detal and levying countervailing duties in such amounts on the production of such manufacturers.

Plaintiff has opposed this motion on the ground that the granting of such motion would not be in compliance with the remand decision, C.A.D. 1237 and moved alternatively to have the matter remanded to the Secretary of Commerce, after giving plaintiff an opportunity to be heard, to ascertain the net amount of bounties or grants and have such information submitted to the court within 120 days for the court to make its determination or to have a hearing before the court on the amount of the net bounties or grants.

Defendant subsequently stated in its memorandum that it did not intend to present evidence of offsets and that the gross bounties or grants represent the net bounties or grants. At oral argument held on March 18, 1981, the basic difference between the parties was the quantification methodology or the formula to be used in ascertaining the amount of the net bounties or grants.

■ Prior to the enactment of the Trade Act of 1974, American Manufacturers could not challenge negative countervailing duty determinations. *United States v. Hammond Lead Products*, 58 CCPA 129, C.A.D. 1017, 440 F.2d 1024, *cert. denied*, 404 U.S. 1005, 92 S.Ct. 565, 30 L.Ed.2d 558 (1971). The addition of subsection (d) to 516 of the Tariff Act of 1930 granted American Manufacturers the right to litigate the issue that no countervailable bounty or grant was conferred. The language of section 516(d) does not confer upon this court authority to determine the net *amount* of any bounty or grant. The courts have held the amount of countervailing duty is not subject to judicial review, but is rather within the purview of the Secretary of Treasury (presently the Secretary of Commerce). *Franklin Sugar Refining Co. v. United States*, 1 Ct.Cust. Appls. 242, T.D. 31276 (1911).

■ I do not consider the remand for a trial *de novo* as set forth in C.A.D. 1237 as a directive to determine the *amount* of the countervailing duty. In my opinion the remand was merely for the purpose of ascertaining the offsets. This is apparent from the following language of said opinion:

> One it is established that a foreign manufacturer is receiving payments *such as those here involved* (*not* "every payment," as the dissenting opinion imagines) from its government, a countervailing duty *must*, absent a waiver by the Secretary, be imposed unless, in considering all circumstances surrounding the payment, certain deductions can be established resulting in no net benefit to that manufacturer. These deductions must be established by facts [16]—not by mere allegations of the foreign government or of the enterprises receiving the bounty or grant. Needless to say, without an adequate factual record, neither this court nor the Customs Court can perform a meaningful judicial review of countervailing duty determinations.

---

[16] If the Treasury Department cannot, with its expertise, establish the necessary facts, a challenge may be brought later by the importer. Because the importer is in a better position to obtain these facts from the foreign manufacturer, once a prima facie case has been established by evidence that payments *such as those here involved* are being made, the domestic manufacturer should not (contrary to the dissenting opinion) have the burden of obtaining evidence of deductions necessary to negate its own prima facie case. Also, we note that under 19 U.S.C. § 1303(a)(5), the Secretary is permitted to *estimate* the net bounty (*i. e.*, estimate the necessary deductions), and his expertise will play a part in this estimate as long as there is a factual basis to support it.

In view of the foregoing, the court is of the opinion that since the parties agree there are no offsets, the matter should be remanded to the Secretary of Commerce for the purpose of ascertaining the amount of countervailing duty due and directing the appropriate Customs Officers throughout the United States to assess such duties.